| | |
|---|---|
| KATHY OLESINSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>STELLAR RECOVERY, INC.,<br><br>          Defendant. | Case No.: 17-cv-393<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kathy Olesinski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer credit transactions that included agreements to defer payment, namely a personal satellite television service account.

6.	Defendant Stellar Recovery, Inc. ("Stellar") is a foreign limited liability company with its principal offices located at 4500 Salisbury Rd., Suite 105, Jacksonville, FL 32216.

7.	Stellar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.	Stellar is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Stellar is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9.	On or about May 3, 2016, Stellar mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Dish Network." A copy of this letter is attached to this Complaint as Exhibit A.

10.	The alleged debt referenced in Exhibit A was incurred for personal, family or household purposes, specifically, home satellite television service.

11.	Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12.	Exhibit A was the first letter Plaintiff was sent by Stellar regarding this alleged debt.

13.	Exhibit A contains the following text:

> This account has been placed with our office for collection by the above-mentioned creditor. The above listed amount is now due and owing. If you have any questions, please contact us at 888-638-6775.

14.	The text in Stellar's letter to Plaintiff is inconsistent with 15 U.S.C. §§ 1692g(a)(4), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless

2

> the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(emphasis added).

15. The language reproduced in paragraph 13, above, overshadows the FDCPA debt validation notice.

16. <u>Exhibit A</u> fails to clearly and unambiguously inform the unsophisticated consumer that, in order to invoke his or her right to require Stellar to cease most collection activities until they provide verification of the debt, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(4). Instead, it tells the consumer to "contact us at 888-638-6775." (emphasis added).

17. Clearly, a consumer may have many "questions" about an alleged debt that are in the nature of a "dispute," including whether the consumer owes the debt or not, or whether the balance is correct, or whether the purported creditor is actually the creditor (eg. if the debt has been sold or assigned), or whether the statute of limitations has passed, or any number of other questions the consumer may have about the "character, amount, or legal status of any debt." *See* 15 U.S.C. § 1692e(2)(a).

18. When there are inconsistent statements as there are in Horizon's letter, one statement instructing the consumer to write and another statement in the same letter instructing the consumer to call, the consumer is unable to make the "basic logical deduction" that a writing is *required* to verify the debt and, thus, Horizon's obligations under § 1692g were not satisfied.

3

19. The practical effect of the request to call Stellar is to discourage consumers from disputing debts in writing.

20. An oral dispute does not trigger the FDCPA verification requirements, which includes a temporary suspension of collection efforts until verification is provided. 15 U.S.C. § 1692g(b).

21. Stellar did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

22. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

23. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

24. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendants' omission is a material violation of the FDCPA. A consumer who attempts to orally exercise verification rights or a request for the identity of the original creditor does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

25. Stellar's statement that the consumer could write or call with questions about a debt overshadows the validation notice. 16 U.S.C. § 1692g.

26. <u>Exhibit A</u> also contains the following language:

THIS AGENCY HAS A CERTIFICATE OF AUTHORITY OR REGISTRATION AS AN OUT OF STATE CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF WISCONSIN, ISSUED BY THE WISCONSIN DEPARTMENT OF FINANCIAL INSTITUTIONS AND EFFECTIVE AS OF MARCH 17, 2009. WWW.WDFI.ORG

27. This language is also misleading to the unsophisticated consumer.

28. The paragraph referencing the "certificate of authority" states that Stellar is "authorized to do business in the state of Wisconsin."

29. The unsophisticated consumer would interpret a letter from a debt collector, stating that the debt collector is "authorized to do business in the State of Wisconsin" as a representation that the debt collector is permitted to take actions that Stellar, as an unlicensed,

out-of-state debt collector, is not actually permitted to take in connection with the collection of Wisconsin consumer debts.

30. Stellar's certification is meant to be similar to the "Wisconsin Fair Collection Practices Notice" that Wisconsin-*licensed* debt collectors are required to include with their initial communications with consumers. Wis. Admin. Code. § DFI-Bkg 74.13(1):

> Unless the initial communication is written and contains the following notice or the debtor has paid the debt, a licensee shall send the debtor the following notice within 5 days after the initial communication with a debtor: "**This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.**" This notice shall be in at least 8 point type and shall be typed or printed on either a collection notice or on the validation of any debt directed to the debtor by the licensee pursuant to Section 809 of the Federal Fair Debt Collection Practices Act.

(emphasis added).

31. The distinction between licensed and unlicensed debt collectors is significant. Unlicensed debt collectors are permitted to engage in debt collection in Wisconsin only by use of telecommunications and interstate mail. Wis. Stat. § 218.04(2)(b). Licensed collection agencies, however, are permitted to engage in other forms of debt collection, including, for example in-person communications at the debtor's residence.

32. The "certificate of authority" language in Exhibit A is not required by any law or regulation. Its only purpose is to give the reader the false impression that Stellar is permitted to take actions to collect the debt beyond using interstate mail and telephones to collect debts.

33. Plaintiff was confused by Exhibit A.

34. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

6

35. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

36. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

7

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

38. The WCA's debt collection provisions (Wis. Stat. 427.104(1)) are to be interpreted consistently with the FDCPA, and the standard is the FDCPA's objective "unsophisticated consumer" standard. *See Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010) (coordinating the Wisconsin Supreme Court's interpretation of the WCA with the FDCPA, and noting that other courts have done so as well). In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard for the analysis of WCA debt collection actions, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

39. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. 15 U.S.C. § 1692e(1) specifically prohibits the "false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

41. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

42. Chapter 427 of the Wisconsin Statutes, part of the Wisconsin Consumer Act, regulates debt collectors and debt collection activities. The statute reads, in relevant part:

> **427.104 Prohibited Practices. (1)** In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, … where there is an agreement to defer payment, a debt collector may not …
>
> (k) Use a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney-at-law when it is not;

8

## COUNT I – FDCPA

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. Exhibit A fails to inform the consumer that, in order to invoke his or her right to obtain verification of the debt, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(4).

45. Defendant violated 15 U.S.C. §§ 1692g, 1692g(a), 1692g(b) and 1692e(10).

## COUNT II – FDCPA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. Defendant's statement in Exhibit A regarding a "certificate of authority" to do business in Wisconsin is false and misleading.

48. The language mimicks DFI licensing language and gives the reader the impression that Stellar's relationship with the State allows Stellar to take more intrusive action than using the mail and telephone to collect debts.

49. Unlicensed, non-resident debt collection agencies are limited in what actions they can take against Wisconsin residents – they are limited to telecommunications and mail, whereas licensed collection agencies may engage in more direct efforts.

50. Defendant's conduct violates 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

## COUNT III -- WCA

51. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

52. Defendant's statement in Exhibit A regarding a "certificate of authority" to do business in Wisconsin is false and misleading.

53. The language mimics DFI licensing language and gives the reader the impression that Stellar's relationship with the State allows Stellar to take more intrusive action than using the mail and telephone to collect debts.

54. Unlicensed, non-resident debt collection agencies are limited in what actions they can take against Wisconsin residents – they are limited to telecommunications and mail, whereas licensed collection agencies may engage in more direct efforts.

55. Defendant's conduct violates Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

56. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) on or after March 16, 2017, (e) that was not returned by the postal service.

57. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

58. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

59. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

60. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

61. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

62. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 16, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com